AMIEL GUSE, APPELLANT, v. JOSEPH G. MARTIN, RESPONDENT.

Submitted March 21, 1921—Decided June 20, 1921.

1. Section 26 of the act entitled "An act regulating the age, employment, safety, health and work hours of persons, employes and operatives in factories, workshops, mills and all places where the manufacture of goods of any kind is carried on, and to establish a department for the enforcement thereof" (*Comp. Stat., p.* 3026; *Pamph. L.* 1904, *p.* 152, § 11), is for the protection of employes, and employes are the only parties who can take advantage of it. Both the title and body of the statute make it plain that the sole purpose of its enactment was to provide for the protection and comfort of employes.

2. In an action based upon a neglect of duty it is not enough for the plaintiff to show that the defendant neglected to perform a duty imposed by statute for the benefit of a third person, and that he would not have been injured if the duty had been performed; he must show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection.

3. It is well settled that the liability of an inviter is circumscribed by the invitation, and does not extend to persons invited whose injuries are received while using the premises not within the limits of the invitation.

On appeal from the Passaic County Circuit Court.

*96 N. J. L.*                          Guse v. Martin.

For the appellant, *Edward F. Merrey.*

For the respondent, *Edwards & Smith.*

The opinion of the court was delivered by

WILLIAMS, J. This is an appeal from a judgment of non-suit entered in the Passaic County Circuit Court. The plaintiff below, the appellant in this court, was the only witness who testified, except a physician whose testimony was confined to the nature of the injuries received.

From plaintiff's testimony it appears that he was a weaver by trade and noticed a sign "Weaver Wanted" in front of a building at 140 Broadway, Paterson, N. J.; a man came from the building and said: "If you are a weaver, you come with me, I will give you a job." They entered a large room and walked along the floor until they came to a stairway, and walked up three flights of stairs to the Norwich Silk Company. Plaintiff worked until five P. M. and quit, saying: "I don't like this job and I no come any more," and asked when he could get the money he had earned; he was told to come on the second Saturday, about ten days later. He then walked downstairs with the employes of the company, and came to the large room he first entered and walked across the floor and out the same door he had entered from the street. He returned on Saturday, March 20th, a little before noon and entered the same large room and walked back toward the stairway; it was dark, but he could see the way to walk, and proceeded between piles of paper and boxes. He saw a door partly open, in a "big wooden box," and thought this was the entrance to the stairway leading to the floors above. This was in fact the entrace to an elevator, the stairway being a few feet beyond. The door was open two feet and he "walked right in" and fell and was injured. There was no gate there. When he reached the doorway he could see nothing inside because it was dark: he could see "absolute nothing." He had never been through that door; he did not see anyone on the floor to direct him as there was no one there; he was feeling with his feet for a step;

he did not wait until he was sure as "it was a little late," and he thought he could ask somebody; he looked but could see nothing.   Being asked on cross-examination why he did not wait to see where he was walking, and why did he step in without looking, he replied: "I thought while it was open up it is the right place.   If it be some danger place, be something or light or anything and I was sure that is the right place.   If the door was closed it would show it was not right."   The plaintiff later saw the defendant who admitted that he owned the building and the elevator was run by his people.

The defendant moved for a nonsuit upon the following grounds:

(1) That there is no evidence that the plaintiff was an invitee of the owner.

(2) If there was an invitation, plaintiff had departed from the place he was invited into.

(3) That plaintiff was guilty of contributory negligence in entering this place.

After argument of the motion the court ruled as follows:

"I think, in the first place, that the Court of Appeals has said that the liability is co-extensive with the invitation, and, in the next place, that it is very clear this man did not exercise proper care for his own safety.   I will grant the motion and allow an exception."

Error is assigned upon this action.

The plaintiff first contends that defendant is liable because he violated section 26 of the act entitled, "An act regulating the age, employment, safety, health and work hours of persons, employes and operatives in factories, workshops, mills and all places where the manufacture of goods of any kind is carried on, and to establish a department for the enforcement thereof" (Comp. Stat., p. 3026; Pamph. L. 1904, p. 152, § 11); and that the accident happened because of the violation of this provision.   This section is headed "Protection of Employes," and reads as follows:

"The openings of all hoistways, hatchways, elevators and well-holes upon every floor of any place coming under the

provisions of this act, shall be protected by good and sufficient trap-doors or self-closing hatches and safety catches, or strong guard-rails at least three feet high, and shall be kept closed and protected at all times except when in actual use by the occupant of the building having the use and control of the same."

But this statute has no application to the present case. Its only purpose is, as the statute itself says, the protection of employes, and employes are the only parties who can take advantage of it. Both the title and body of the statute make it plain that the sole purpose of its enactment was to provide for the protection and comfort of employes. No class of persons except the one named in the act comes within its provisions, and for injuries resulting from failure to perform any of these duties the employer is answerable to his operatives alone. It is so held by the Supreme Court in *Kelley* v. *Henry Muhs Co., 71 N. J. L. 358.*

The plaintiff was not an employe of the defendant; he was a creditor seeking payment of a debt due him from an occupant of the building owned by defendant.

In Kelley *v.* Henry Muhs Co., above cited, Chief Justice Gummere, speaking for the Supreme Court, says: "In an action based upon a neglect of duty it is not enough for the plaintiff to show that the defendant neglected to perform a duty imposed by statute for the benefit of a third person, and that he would not have been injured if the duty had been performed; he must show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection."

This case, although not decided by this court, meets with our approval.

It is next contended, that irrespective of the statute the defendant was obliged to use ordinary care to render the premises reasonably safe for plaintiff's use because the latter was an invitee, and that he failed in his duty. Assuming that he was an invitee to the extent that he should use the "big room" as a means of access to the stairs, there was no proof of any neglect of duty by defendant to plaintiff in

respect thereto. The leaving of the elevator door part way open was not a failure to provide for plaintiff's safety, for the defendant had no reason to expect the course of conduct testified to by the plaintiff. The latter had no business to go to the elevator, much less to attempt to go into the entrance. His invitation was, if invitation there existed, to use the room as a passageway to the stairs. He had never been invited, expressly or impliedly, to enter the elevator enclosure or use the elevator, and when he enterd the doorway of the elevator shaft, he had departed from the place to which he had been invited, and entered a place which he had not been invited to use.

In *Bonfield* v. *Blackmore,* 90 *N. J. L.* 252, it is held that it is well settled that the liability of an inviter is circumscribed by the invitation, and does not extend to persons invited whose injuries are received while using the premises not within the limits of the invitation. See also *Ryerson* v. *Bathgate,* 67 *Id.* 337.

But if we had found that there was a duty on the part of defendant, and that duty had not properly been performed, the judgment should still be affirmed, for according to plaintiff's own story, which is the only evidence we have before us, it was gross negligence on his part to undertake to go through a partly open door beyond which he could not see at all and which was an entrance to he knew not what. If he had supposed that the door led to the stairway, common prudence required that he should be certain about that before undertaking to step inside the door. He left the path he was invited to use, if he was invited by the defendant to use any, and walked deliberately through a half-opened door, through which he had never been before, into a dark closet, so dark that he could not see anything, without the slightest care for his safety, except to feel with his feet for a step. He could have waited to secure a light or retraced his steps and inquired the way, but he testified that he did not wait because "it was a little late," and that he stepped in without waiting to see where he was walking for the reason that he

thought it was the right place because the door was open; if the door was closed it would show it was not right.

Under these circumstances, in going into this strange place in the dark, without using ordinary care to discover danger, the plaintiff was guilty of contributory negligence barring a recovery. *Gillespie* v. *J. W. Ferguson Co.*, 78 *N. J. L.* 470; *Saunders* v. *Smith Realty Co.*, 84 *Id.* 276.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.