*Conneral & Hunter,* contra.

---

14371.   HICKMAN *v.* TOOLE *et al.*

JENKINS, P. J.   Plaintiff, as the invitee of a tenant, sued the landlords for damages on account of alleged personal injuries occasioned by the collapse of the front porch of the rented premises. It appears from the evidence that the house was either in process of being removed, or the work of removal had recently been completed, by an independent contractor, and that the tenant had obtained the consent of the landlord to continue the occupancy during the process of removal. According to the evidence of the defendant landlords, the work of removal had not been accepted, fully completed, or fully paid for at the time of the accident; but according to the contractor's evidence, the work had at that time been "turned over" to the owners and paid for. According to his evidence, the work had been finished about a week prior to the injury. On cross-examination this witness qualified his testimony to the extent of saying that he would not say for certain but that he thought the jacks had all been removed from under the building prior to the collapse of the porch. The trial judge granted a nonsuit, and the plaintiff excepts. *Held:*

1. "Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and

are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." *Crossgrove* v. *Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462 (118 S. E. 694). The plaintiff, the mother-in-law of the tenant occupying the premises, was his lawful invitee.

2. "Under section 4414 of the Civil Code (1910), an employer is not liable for the negligence of an independent contractor, unless the employment or tortious acts constitute one of the exceptions stated in that section or in section 4415." *Malin* v. *City Council of Augusta*, 29 *Ga. App.* 393 (115 S. E. 504). But after the contractor has completed the work and turned it over to the owner, and it has been accepted by the owner in discharge of the contract, the general rule is that the responsibility, if any, for maintaining it in its defective condition is shifted to the owner. *Richards* v. *O'Brien*, 1 *Ga. App.* 107, 111 (57 S. E. 907). The evidence fails to indicate any acts on the part of the owner amounting to an assumption of actual control, such as would imply an acceptance of the premises; but the evidence of the contractor that he thought the work had been completed about a week, and his positive testimony that the house had been "turned over" and the work paid for, raised an issue upon the question as to whether or not the contract had been completed and the work accepted. It was therefore error to award a nonsuit in favor of the defendant landlords. 14 R. C. L. 476. Mere proof of the completion of the job, without any other facts in evidence, such as lapse of time, exercise of actual control, or other circumstance implying acceptance would not charge the owner with responsibility.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Action for damages; from Bibb superior court—Judge M. D. Jones. February 7, 1923.

*J. F. Urquhart, R. D. Feagin, H. B. Bell,* for plaintiff.

*Robert G. Plunkett,* for defendants.