### 14869. BULLARD et al. v. ASA G. CANDLER INCORPORATED.

JENKINS, P. J. This was a suit by the tenants of a hotel against their landlord, to recover the amount of a judgment obtained against them on account of injuries to a guest in the operation by the tenants of an elevator which had been proved to be out of repair. See *Bullard* v.

*Rolader,* 26 *Ga. App.* 742; s. c. 152 *Ga.* 369. In the previous litigation, instituted by the guest, the landlord had been joined as a joint tortfeasor, but as to it the former action had been nonsuited. The instant suit was dismissed on demurrer. *Held:*

"As between lessor and lessee, in the absence of contract, the lessor is required to make repairs to the leased property, rendered necessary by natural wear and tear" (*Bullard* v. *Rolader,* supra); but, there ordinarily being "no duty of inspection on the part of the landlord for the purpose of discovering defects arising subsequent to the time of the lease, the landlord is not liable for injuries to his tenant resulting from patent or latent defects arising subsequent to the time of the lease, unless he had actual knowledge of them, or had been notified by the tenant of such defects, and had failed to make repairs in a reasonable time, and the tenant could not have avoided the injuries resulting therefrom, by the exercise of ordinary care on his own part. *Veal* v. *Hanlon,* 123 *Ga.* 642 (2, 3) (51 S. E. 579); *Johnson* v. *Collins,* 98 *Ga.* 271, 273 (26 S. E. 744); *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712); *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (2) (91 S. E. 875)." *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (2) (107 S. E. 563). Not only does it fail to appear that the landlord had not made any repairs demanded, but in the lease "it is agreed that the premises are now in good condition and repair, and for the purposes of this lease are accepted by the lessee as being in good condition and repair, and the lessor is not to make or be called on to make any repairs or improvements of any sort whatever on said premises during the term of this contract, and that during the term of this lease the lessee will keep the premises in good order and repair." Whether or not, in the absence of a contract whereby the tenant assumes the duty and burden of making repairs, the additional stipulation contained in the lease, that "it is further agreed by all parties to this contract that the said second party agrees to release the said first party from any and all damages of every sort and from whatever cause to both person and property during the term of this lease," would be enforceable as a matter of public policy, nevertheless, in a case such as this, where the tenant has in fact assumed the burden of making all repairs, and as an incident to such obligation has expressly relieved the landlord from all damages accruing from any lack of proper upkeep, the landlord cannot be held liable to the tenant for his failure to do that which he had not been requested to do, and which under the lease agreement he was relieved from any obligation to perform.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 24, 1924.

Complaint; from Fulton superior court—Judge Humphries. June 7, 1923.

*Roy Lewis,* for plaintiffs.

*Candler, Thomson & Hirsch,* for defendant.