16920. CENTRAL OF GEORGIA RAILWAY CO. *v.* GRIFFIN.

"Although an act be negligent, it does not afford a given plaintiff a cause of action, unless it is negligent *as to him.*"

(*a*) The statute referred to in subdivision *e* of paragraph 9 of the petition, as to the stopping of trains within fifty feet of the place of crossing, and the manner of moving them forward, when the tracks of different railroads cross each other (Penal Code (1910), § 517), is designed to prevent collisions between trains, and has no reference to such cases as the one under consideration; and the court erred in overruling the special demurrer attacking this part of the petition.

DECIDED MARCH 2, 1926.

Action for damages; from Muscogee superior court—Judge Mc-Laughlin.   October 19, 1925.

*Arnold & Battle,* for plaintiff in error.

*George C. Palmer,* contra.

LUKE, J.   Only such portions of the record as are necessary for an understanding of the ruling herein made will be discussed.

Percy Griffin brought a suit for damages against the Central of Georgia Railway Company because of a collision with one of the defendant's trains at a crossing on a public street in the City of Columbus while Griffin was driving his automobile along the street and perpendicularly to the defendant's track.   The record shows that the defendant's railroad runs east and west on 9th Street, and that the track of the Southern Railway Company runs north and south on 6th Avenue, and that at the intersection of 6th Avenue and 9th Street the track of the Central crosses the track of the Southern.   The petition alleges that the plaintiff was driv-

Negligence, 29 Cyc. p. 426, n. 70; p. 438, n. 63.
Railroads, 33 Cyc. p. 976, n. 56.

ing his automobile along 6th Avenue traveling north, and that "just as said automobile reached the track of the main line of the said defendant railway company at a point about 20 feet east of where its track crosses the track of the Southern Railway Company at the intersection of 6th Avenue and 9th Street in the said City of Columbus, Georgia, the defendant carelessly and negligently ran its engine, which was pushing one freight-car along and upon its railroad-track, immediately in front of plaintiff's automobile, at a rapid rate of speed, to wit from 20 to 25 miles per hour, thereby causing a collision between the said freight-car, which was in front of said engine, and plaintiff's automobile." The record shows that the automobile ran against the side of the freight-car of the defendant, and that this collision caused the damage for which suit was brought.

The defendant filed general and special demurrers to the petition; the petition was amended several times, and to the petition as amended the defendant renewed its demurrers, and the demurrers were overruled. Exceptions pendente lite to the overruling of the demurrers were filed, and error is assigned thereon in the bill of exceptions, but the brief of counsel for plaintiff in error recites that "The railway company abandons all of the grounds of both its general and special demurrers made to the original petition and renewed to the petition as finally amended, except the 7th ground of its special demurrer." This 7th ground of the special demurrer was directed to paragraph 9 (*e*) of the petition as amended, which is as follows: "Defendant was negligent in that defendant did not bring its engine and car to a stop within fifty feet, and moving forward slowly before crossing the railroad track of the Southern Railway Company, a separate and independent railroad on Sixth Avenue, at the intersection of Ninth Street in said City of Columbus, Muscogee County, Georgia, in compliance with section 517 of the Penal Code of the State of Georgia." This section of the Penal Code is as follows: "Whenever the tracks of separate and independent railroads cross each other, all engine drivers and conductors must cause the trains which they respectively drive and conduct to come to a full stop within fifty feet of the place of crossing, and then to move forward slowly. The train of the road first constructed and put in operation shall have the privilege of crossing first. A person violating the provisions of this section

shall be guilty of a misdemeanor." The 7th ground of the special demurrer is as follows: "Defendant demurs specially to subhead *e* of paragraph 9, upon the ground that the allegations therein contained are immaterial and irrelevant, and upon the further ground that it affirmatively appears from the petition that the alleged violation of the statute set forth in no wise contributed to the injury and damage complained of, and upon the further ground that the violation of said statute is not an act of negligence in so far as the driver of an automobile along the public street is concerned, said statute being designed to prevent accidents due to collisions of trains and not accidents due to collision of a train and an automobile." Assuming that the above allegations of the petition are true, for the purpose of testing it as against this demurrer, the violation of the said statute by the railway company did not constitute an act of negligence so far as the plaintiff in this case was concerned. Clearly the object of this statute is to prevent accidents due to collisions of trains, and it was not designed to prevent accidents between a train and an automobile driven along a public street, as in the instant case. The case of *Atlanta &c. Air-Line Railway Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145), while differing somewhat from the instant case in its facts, is directly in point in principle. In that case all the material Georgia cases up to that time are reviewed, and numerous cases from other States are discussed. The substance of the court's holding in that case, so far as it relates to the case under consideration, is shown by the following quotations in the opinion: "If there is no duty, there can be no negligence. If the defendant owes a duty, but does not owe it to the plaintiff, the action will not lie. . . In order to maintain an action for a negligent injury, it must appear that there was a legal duty due from the person inflicting the injury to the person on whom it was inflicted, and that such duty was violated by a want of ordinary care on the part of the defendant. It is not sufficient that there be a general duty to the public which is violated, but in all civil cases, the right to enforce such duty must reside in the individual injured because of a duty due him from his injurer, or he can not recover. . . In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty, and that he would not have been injured if the duty had been per-

formed; but he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security from the injury. . . Metallic Compression Casting Co. *v.* Fitchburg R. R. Co., 109 Mass. 277, 280, was an action against the railroad company for damages alleged to have been caused by negligence in running a train over a line of hose stretched across the track and being used in extinguishing a fire. A few hundred feet above this point the defendant's track was crossed by another railway. It was held that the defendant's failure to comply with the statutory requirement of stopping before crossing another railroad at grade had no bearing upon the question of negligence. Chapman, C. J. says: 'But the object of the statute was solely to prevent the collision of trains at crossings, and had no reference to the extinguishment of fires. It is not applicable to this case.' " For a full discussion of the principle involved in the *Gravitt* case see headnote 4 (p. 370) and subdivision 4 of the opinion (pp. 390 to 408). In the case of *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 164 (60 S. E. 1071), this court said: "Therefore, although an act be negligent, it does not afford a given plaintiff a cause of action, unless it is negligent *as to him;* and when the lawmaking power has created a particular obligation or has inhibited certain conduct, before a plaintiff can invoke that law in his behalf it must appear (to borrow an expression from the grammarians) that he, either in his own right or as a member of a class, is the indirect object of the legislative action. The statute being the direct object, he must occupy the relation expressed by the dative case, while the statute stands in the accusative. Therefore, in determining whether the violation of a statute is negligence so as to support an alleged cause of action, the court is called upon to examine the law in respect to its objects; for if it appears that, notwithstanding the violation, none of the consequences contemplated and sought to be guarded against have ensued, or that the plaintiff is not the person or does not belong to the class to whose benefit or for whose protection the statute was enacted, the court can not declare that there is a case of negligence per se as to that cause of action or that plaintiff." See also headnote 2 (*c*) (p. 159). Numerous decisions from other States hold that even though a statute be violated, in order to constitute actionable negligence the injury must be such as the statute was in-

tended to prevent, and no one not included in the class to be bene-fited may complain because the statute was not complied with. See Denton *v.* M. K. & T. Ry. Co., 90 Kansas, 51 (133 Pac. 558, 47 L. R. A. (N. S.) 820, Ann. Cas. 1915B, 639) ; Bourne *v.* Whitman, 209 Mass. 155 (90 N. E. 404, 35 L. R. A. (N. S.) 701) ; Guse *v.* Martin, 96 N. J. L. 262 (114 A. 316) ; Di Caprio *v.* N. Y. Central R. Co., 231 N. Y. 94 (131 N. E. 746, 16 A. L. R. 940).

The statute referred to in subdivision *e* of paragraph 9 of the petition is clearly designed to prevent collisions between trains, and has no reference to cases such as the one under consideration ; and the court erred in overruling the special demurrer attacking this portion of the petition.

While the 2d and 5th grounds of the amendment to the motion for a new trial relate to the principle hereinbefore discussed, it is not necessary to discuss these or any other grounds of the motion, as the above ruling is controlling, and the failure to sustain the special demurrer to this portion of the petition rendered everything thereafter nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*