29460. EDWARDS *v.* LASSITER *et al.*

Decided May 19, 1942.

G. *Seals Aiken*, for plaintiff.

*McElreath, Scott, Duckworth & Riley, MacDougald, Troutman & Arkwright, John A. Dunaway, R. S. Wiggins,* for defendants.

SUTTON, J. While the petition alleges knowledge on the part of the defendant landlord of a defective condition of the concrete surface of the service station, and general allegations are made as to the injuries of the plaintiff's minor son being brought about by such defective construction, the petition properly construed is one which specifically shows that the child's death resulted from its contact with boiling tar which had been placed in a hole or depression in the concrete surface. "The fall into the boiling tar caused" described burns "to the said minor child, and he died on July 27, 1940, as the direct and proximate result of said injuries," there being no mention in the petition of any injury which was occasioned otherwise than from burning. In other words, the death of the child was brought about from being burned by boiling tar. The gist of the complaint is the alleged negligence of the defendants in not keeping safe the approaches of the service station, with the result that the child, in stepping into or being caused to fall into the boiling tar, was fatally burned.

Mrs. Lassiter, the landlord, owned the property, and leased it to the Gulf Oil Corporation. It placed in charge as its agent the defendant DeLay, and "maintained and exercised full and final control over the operation of the service station by DeLay." It "installed and employed him to operate the service station as its agent and servant," and "the defendant corporation controlled the service station" at the time the child was injured and "DeLay as the operator of the service station was acting as the agent of the corporation, his employer, within the scope of his employment in the business of the corporation and with its full knowledge and consent." The corporation had full and direct control over the service station and its operator, DeLay, as to the manner in which it was maintained and operated at the said time and place. So, not-

withstanding the allegations that Mrs. Lassiter knew of the existence of the hole or depression in the concrete surface and furnished the tar to DeLay, and that "the tar was heated by DeLay to boiling temperature and put in the hole with the ashes as the agent and servant of both Mrs. Lassiter and the defendant corporation, within the scope of his employment and with their knowledge and consent and in their business," the inconsistent allegation that "DeLay, on November 10, 1939, put ashes in the hole and then poured boiling hot tar on top of the ashes," and that "the defendant corporation controlled the service station at that time and DeLay, as the operator of the service station, was acting as the agent of the corporation, his employer, within the scope of his employment, in the business of the corporation, and with its full knowledge and consent," and that it "had full and direct control over the service station and its operator, DeLay, as to the manner in which it was maintained and operated at the said time and place," require a construction of the petition most strongly against the pleader that, though Mrs. Lassiter furnished the tar, DeLay, in using it in the manner alleged, was acting solely as the agent and employee of the defendant corporation.

Mrs. Lassiter retained no qualified control of the premises and was not an "owner or occupier" in the sense used in Code § 105-401 which provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." As ruled in *Augusta-Aiken Railway & Electric Co.,* 21 *Ga. App.* 246 (94 S. E. 252): "The word 'owner,' as used in the Civil Code (1910), § 4420 [Code of 1933, § 105-401], is not synonymous with 'landlord,' as the latter word is used in § 3694 [Code of 1933, § 61-112]; and where the owner of land has fully parted with both possession and right of possession by any lawful contract of rental, his liabilities are those prescribed by § 3694 [Code of 1933, § 61-112]. In such a case § 4420 [Code of 1933, § 105-401] is without application. It is otherwise where the possession or right of possession is not fully parted with." See also *Dobbs* v. *Noble,* 55 *Ga. App.* 201, 202 (2) (189 S. E. 694). The liability of a landlord who has fully parted with possession and right of possession of premises is

stated in Code § 61-112 as follows: "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." As stated above, the petition does not, properly construed, seek damages for defective construction or from a failure to keep the premises in repair, but seeks damages resulting from the alleged negligent use of the premises by the Gulf Oil Corporation through its alleged agent and employee, DeLay. Under the law as codified in Code § 61-112 and here applicable, Mrs. Lassiter, the landlord, having fully parted with possession and right of possession, is not responsible to the plaintiff for the negligent acts of the servant of another in the use of the leased premises. The court did not err in sustaining the general demurrer and in dismissing the action as to her.

It is contended by the plaintiff that the court erred in sustaining the demurrer for the reason that the amendment filed by her opened the petition as amended to a fresh adjudication and made it necessary that the defendant renew her demurrer to the petition as amended and that this she failed to do. While it is true that a demurrer to the original petition does not cover the petition after it has been *materially* amended, and if still relied on the demurrer should be renewed or insisted upon after the amendment has been allowed, as ruled in *Satlof* v. *State,* 52 *Ga. App.* 208 (182 S. E 864), cited by the plaintiff, still, where an amendment does not in any material or substantial particular change the merits of the petition as adjudicated by the ruling on the original demurrer, no new question is raised by the amendment and the plaintiff's case is concluded by the ruling on the original petition, and no reversal of the judgment is required merely because the court did not take into consideration the immaterial amendment. See *Byrom* v. *Gunn,* 111 *Ga.* 805 (35 S. E. 649); *Scarborough* v. *Smith,* 183 *Ga.* 386 (188 S. E. 526). The fact that the amendment in the present case had been allowed and filed before the court ruled on the demurrer to the original petition is immaterial. The amendment in the present instance added nothing to the cause of action sought to be asserted in the original petition. It merely alleged knowledge on the part of all three defendants as to the defective

condition of the concrete surface, constituting a dangerous menace or trap to the public, the failure to repair, give warning or protect against danger from the boiling tar, that the tar was furnished by the landlord for the purpose of repairing the premises, and that all of the defendants knew of the serious danger, menace, or trap caused by the boiling tar being poured into the hole or depression and failed to prevent the use of the boiling tar in the creation of the menace. The furnishing of cold tar can not be said to be of itself negligence on the part of Mrs. Lassiter, and, as we have shown, the use of the tar in a heated and boiling condition was an act of the agent of another. Inasmuch as the amendment showed no negligent act which was binding upon Mrs. Lassiter, as landlord, who retained no possession or right of possession of the premises, the amendment was not as to her a material one and did not affect the controversy set out in the original petition.

*Judgment affirmed. Stephens, P. J., concurs.*

FELTON, J. I concur in the judgment, but not in all that is stated in the opinion. I think that a landlord and an owner stand on the same footing so far as the principles which control this case are involved.