### 36516. QUEEN *v.* CRAVEN.

DECIDED FEBRUARY 20, 1957.

182

*Paul Webb, Jr., Bertram S. Boley, Otis L. Davis,* for plaintiff in error.

*Shirley C. Boykin, D. S. Strickland, Boykin & Boykin,* contra.

CARLISLE, J. ■ While it is true that where, in ruling upon demurrers, the trial court allows time for the filing of an amendment, the court must enter a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which latter judgment is final and supersedes the earlier judgment on the demurrers, and such earlier judgment shall not be subject to exception or review; and, while it is true that where the sole assignment of error contained in a bill of exceptions in this court is upon the judgment upon demurrers in which time was allowed for amendment, the writ of error must be dismissed (*Godwin* v. *Hudson,* 93 *Ga. App.* 858, 93 S. E. 2d 379, and citations) ; where, as here, the bill of exceptions contains an assignment of error on the superseding judgment as to the sufficiency of the pleadings, entered after the expiration of the time allowed for amendment in the earlier judgment, the writ of error is not subject to dismissal as error is assigned upon a judgment which is final for purposes of review. *Girtman* v. *Girtman,* 191 *Ga.* 173 (11 S. E. 2d 782). The motion to dismiss the writ of error is denied.

■ Under the provisions of Code (Ann.) § 81-1001, all rulings on demurrers to pleadings in which time is allowed for amend-

ment are not final in character, are not reviewable, and, accordingly, do not constitute the "law of the case" so as to prevent the court from considering the petition as finally amended on its merits. *Adams* v. *Ricks*, 91 *Ga. App.* 494, 497 (86 S. E. 2d 329). Consequently, there is no merit in the plaintiff's contention that the trial court had established the law of the case by overruling the defendant's general demurrer in the order allowing time for amendment so as to prevent the court from considering the petition, as finally amended, on its merits and entering an order sustaining the general demurrer after the time had expired for amendment.

■ "While we are fully aware of the beneficent and salutary rule, to which this court scrupulously adheres in proper cases, that ordinarily questions of diligence and negligence, including proximate cause, are for the jury, we also recognize it to be the duty of the court to determine those questions in clear, palpable, and indisputable cases. *Evans* v. *Georgia Northern R. Co.*, 78 *Ga. App.* 709, 712 (52 S. E. 2d 37), and cit.; and this latter rule is frequently enforced as a result of the necessary application of the proper rules of construction to pleadings. 'It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties.' *Krueger* v. *MacDougald*, 148 *Ga.* 429 (1) (96 S. E. 867); *Slade* v. *Barber*, 200 *Ga.* 405, 412 (37 S. E. 2d 143); *McEntire* v. *Pangle*, 197 *Ga.* 414 (29 S. E. 2d 503)." *Atlanta Gas Light Co.* v. *Brown*, 94 *Ga. App.* 351 (94 S. E. 2d 612).

A negligent act is not actionable unless negligent as to the plaintiff. *Central of Ga. Ry. Co.* v. *Griffin*, 35 *Ga. App.* 161 (132 S. E. 255); *Haley Motor Co.* v. *Boynton*, 40 *Ga. App.* 675 (150 S. E. 862).

While, as a general rule, an independent contractor is liable for injuries caused by his own negligence or that of his servants in the course of his performance of the work or in failing to leave the premises in as safe a condition as they were found (65 C. J. S., p. 611, § 95), it is a well established general rule that, where the

work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. 65 C. J. S. 613, § 95; *Young* v. *Smith & Kelly Co.,* 124 *Ga.* 475 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226), and citations.

There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons. 65 C. J. S. 614, § 95; *Higgins* v. *Otis Elevator Co.,* 69 *Ga. App.* 584 (26 S. E. 2d 380).

If the work performed by the contractor is not shown to come within one of the exceptions to the general rule, when the work is finished by him and accepted by his employer, the liability of the former generally ceases and the employer becomes answerable for damages which may thereafter accrue from the defective conditions of the work. 27 Am. Jur. 514, § 37.

Under an application of the foregoing principles of law, the trial court did not err in sustaining the general demurrer to the petition as finally amended, as, construed most strongly against the pleader, the allegations of the petition fail to show any breach by the defendant of a duty owed the plaintiff. It is alleged that the work was performed by the defendant under a contract with the owner of the property and that the work was performed pursuant to the terms of the defendant's contract with such owner, but it is not alleged that the removal of the porch constituted a nuisance, that the work was inherently or intrinsically dangerous or that it was imminently dangerous to third persons. It was, therefore, necessary, in order to show a breach of duty owed by the defendant to the plaintiff, to allege that the work was still going on and under the control of the defendant contractor and that the work had not been completed and accepted by the owner. In the absence of such an allegation, it is reasonably inferable that the work had been completed, accepted by the employer,

that the defendant's liability had ceased, and the employer-landlord had become answerable for damages which thereafter accrued from the defective condition of the work.

*Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*