39467, 39468. NATIONAL DISTRIBUTING COMPANY v. GEORGIA INDUSTRIAL REALTY COMPANY; and vice versa.

DECIDED SEPTEMBER 5, 1962.

*Dudley Cook,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley,* contra.

JORDAN, Judge. 1. The plaintiff's petition as amended sought to impose liability on the defendant on two grounds: (1) that the reservoir tank was defective at the time of its original installation by the defendant; and (2) that the defendant as the owner of the premises failed to exercise ordinary care to maintain the premises, including said tank which was a part thereof, in a safe condition. The record before the court on the defendant's motion for summary judgment disclosed, however, that the damages to the plaintiff's goods occurred approximately 16½ months after the defendant had fully parted with possession of the warehouse in which said goods were stored under a contract of lease which was executed by defendant as lessor and the State of Georgia as lessee on March 14, 1957. It was specifically provided in said lease that the duty of maintaining and repairing the fixtures attached to the water system, which included the reservoir tank, was upon the lessee and not the defendant lessor. Under these circumstances the liability of the defendant to third persons for injuries sustained to their person or property, where it has parted with possession of the premises under a contract of lease, is fixed by the provisions of *Code* § 61-112; and under the facts adduced on motion for summary judgment said liability in this case could only relate to damages occasioned by defective construction. This is true for the reason that the defendant was under no duty to inspect said reservoir tank after possession of the warehouse was surrendered to the lessee under a contract of lease which placed the duty of repairing the same on the lessee. *Maloof v. Blackmon,* 105 Ga. App. 207 (4a) (124 SE2d 441). The provisions of *Code* § 105-401, that an owner or occupier of land is liable to persons who come upon the premises by express or implied invitation for injuries occasioned by the owner's failure to exercise ordinary care in keeping the premises and approaches safe, are without application in a case such as this where the owner has fully parted with both possession and right of possession by a lawful contract of lease. *Dobbs v. Noble,* 55 Ga. App. 201 (189 SE 694) ; *Augusta, Aiken R. &c. Corp. v. Hafer,* 21 Ga. App. 246 (94 SE 252) ; *Edwards v. Lassiter,* 67 Ga. App. 368 (20 SE2d 451).

2. A landlord (in the absence of express contractual provisions) is not an insurer of the leased premises, and while under *Code* § 61-112 the landlord may be liable for injuries arising from defective construction, or from failure to keep the premises in repair (where he is under a duty to repair), said liability is predicated upon actual or constructive knowledge of the defective condition. *Ross v. Jackson*, 123 Ga. 657 (51 SE 578); *Ocean Steamship Co. v. Hamilton*, 112 Ga. 901 (38 SE 204). It has been held, however, that where a structure is built by the landlord or under his supervision or direction his knowledge of any and all defects in the original construction thereof will be conclusively presumed. *Monahan v. National Realty Co.*, 4 Ga. App. 680, 686 (62 SE 127); *Fuller v. Louis Steyerman & Sons, Inc.*, 46 Ga. App. 830 (169 SE 508). But if the structure has been built by a predecessor in title of the landlord or some other person not acting under his supervision or direction, before the landlord can be held responsible, it must appear that he knew or by the exercise of ordinary care could and should have known of the improper construction before the tenancy was created. *Dobbs v. Noble*, 55 Ga. App. 201, supra. In like manner before the landlord can be held responsible for damages occasioned by faulty fixtures or the installation thereof (where the same were not manufactured under the supervision or direction of the landlord) it must appear that he knew or by the exercise of ordinary care could and should have known of the defective condition therein before the tenancy was created. See *Sinclair Refining Co. v. Reid*, 60 Ga. App. 119, 123 (3 SE2d 121).

The record before the court on motion for summary judgment disclosed that the building in question was constructed for the defendant by an independent contractor, and that the plumbing, including the installation of the fixture in question, was installed by a subcontractor, the reservoir tank having been purchased from the American Standard Plumbing Corporation which according to the record is a manufacturer of high quality plumbing fixtures. Under these circumstances the defendant, not being an insurer of the leased premises, would only be liable if it knew or in the exercise of ordinary care could and should have known of any defect in the plumbing fixture in question or in the installa-

tion of the same, at the time it accepted the building and turned over possession to the lessee.

In this connection three of the supporting affidavits accompanying the defendant's motion for summary judgment disclosed that the plumbing fixture in question was personally inspected by the superintendent of the Art Plumbing Company which installed the plumbing and fixtures in the building, by a vice-president of Wesley Associates, the general contractor, and by the architect who accepted the building on behalf of the defendant, and in each of said affidavits the affiants stated that at the time of their personal inspection the plumbing fixture in question was in excellent condition and that there were no defects therein. These affidavits, in the absence of any rebuttal evidence on behalf of the plaintiff, conclusively show that the defendant could not have observed any defects in the fixture in question, if in fact any existed therein, in the exercise of ordinary care. While the plaintiff filed a response to the motion for summary judgment which was accompanied by the affidavit of one W. M. Fife, said affidavit did not in any way rebut the evidence adduced in behalf of the defendant and did not therefore serve to show the existence of a genuine issue of a material fact. At most, the affidavit of Fife would serve only to indicate the possibility of a latent defect in the fixture which could not have been discovered by the defendant in the exercise of ordinary care.

Fife's affidavit, which was based upon his investigation of an insurance claim arising as a result of the flooding of the premises, consisted largely of hearsay, and did not meet the requirements of *Code* § 110-1205. This Code section provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The trial court did not err, therefore, in sustaining in part the defendant's motion to dismiss said affidavit.

Accordingly, since the affidavits furnished in support of the defendant's motion for summary judgment pierced the allegations of the plaintiff's petition and, being undisputed evidence of the facts contained therein, conclusively showed the absence of lia-

bility on the part of the defendant for the damages sustained by the plaintiff under the only possible theory of liability by which the plaintiff could recover against the defendant, the trial court did not err in granting the defendant's motion for summary judgment.

3. The remaining assignments of error in the main bill of exceptions, which contend that the trial court erred in sustaining certain of the special demurrers to the petition, are without merit. Since the judgment on the main bill of exceptions finally disposes of the case, the cross-bill of exceptions is dismissed.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Nichols, P. J., and Frankum, J., concur.*