42749.   TRIBBLE v. SOMERS et al.

SUBMITTED MAY 4, 1967—DECIDED MAY 17, 1967—
REHEARING DENIED JUNE 9, 1967—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Warren C. Fortson,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Lynn A. Downey, Long, Weinberg & Ansley, Ben L. Weinberg,* for appellees.

JORDAN, Presiding Judge. *Code* § 105-401, defining the duty of an owner or occupier of land to keep the premises safe, is not applicable to one who has parted with possession and the right of possession under a rental contract, and his liability is as prescribed by *Code* § 61-112. *Augusta-Aiken R. &c. Corp. v. Hafer,* 21 Ga. App. 246 (1) (94 SE 252); *Edwards v. Lassiter,* 67 Ga. App. 368 (1) (20 SE2d 451). The duty of a landlord to keep the premises in repair, under *Code* § 61-111, and his liability arising from failure to keep the premises in repair, under *Code* § 61-112, may be limited as between the parties by a lease containing contrary stipulations. *Lumpkin v. Provident Loan Society,* 15 Ga. App. 816 (1) (84 SE 216); *Valdes Hotel Co. v. Ferrell,* 17 Ga. App. 93 (4) (86 SE 333); *Bullard v. Asa G. Candler, Inc.,* 32 Ga. App. 187 (122 SE 813); *Plaza Hotel Co. v. Fine Products Corp.,* 87 Ga. App. 460, 462 (74 SE2d 372); *Desverges v. Marchant,* 18 Ga. App. 248 (1) (89 SE 221). Even in the absence of the duty of inspection under the terms of a contract a landlord is ordinarily under no duty to inspect the premises while the tenant is in possession, in order to keep informed of the condition, where the tenant is entitled to and has the exclusive use and possession. *Adams v. Klasing,* 20 Ga. App. 203 (2) (92 SE 960); *Crossgrove v. Atlantic C. L. R. Co.,* 30 Ga. App. 462 (2a) (118 SE 694); *Sutton v. Murray,* 49 Ga. App. 130 (1) (174 SE 174); *Ross v. Jackson,* 123 Ga. 657, 658 (51 SE 578). "Notice of a defect given by the tenant to the landlord charges the latter with notice only of such other defects as might reasonably be discovered on an inspection to repair the defect of which notice is given. Notice of separate and independent patent defects, in no way connected with a latent defect which is alleged to have occasioned the injury sued for, is not constructive notice of the latter defect. Such notice does not place on the landlord the duty of inspection to discover the latent defect. *Godard v. Peavy,* 32 Ga. App. 121 (122 SE 634); *Hendrick v. Muse,* 48 Ga. App. 295 (172 SE 661)." *Cone v. Lawhon,* 61 Ga. App. 797, 800 (7 SE2d 597). "Nor is the landlord liable for injuries to the tenant on account of latent defects existing at the time of the

lease, which he might have discovered by an inspection not required of him by law, unless he actually knew, or by the exercise of ordinary care might otherwise have known, of their existence. *McGee v. Hardacre,* 27 Ga. App. 106 (107 SE 563)." *Godard v. Peavy,* 32 Ga. App. 121, supra.

Applying the foregoing well-settled principles of law to the facts of the present case, and considering the undisputed provisions of the lease vesting control in the tenant and relieving the defendant landlord of the duty of inspection, and the undisputed testimony of the plaintiff tenant specifying that repairs were contemplated only for known defects, not including the area of the porch which collapsed, and that the defective condition was not apparent and was discoverable only by an inspection by entry through the house and basement to the underside of the porch, the evidence demanded a judgment for the defendant landlord, and the trial judge erred in overruling his motion for summary judgment.

*Judgment reversed. Deen and Quillian, JJ., concur.*