A90A1561. BROWN v. APOLLO INDUSTRIES, INC.
(404 SE2d 447)

POPE, Judge.

Plaintiff/appellant Rita Faye Luster Brown brought this product liability action against defendant/appellee Apollo Industries, Inc.

seeking damages for the wrongful death of her husband. In her complaint, which is couched in terms of strict liability, negligence and breach of implied warranty, plaintiff contends the defendant's product (Apollo All Purpose Cleaner) was defectively manufactured and distributed and that defendant failed to include a proper warning of the product's potential dangers on the label. The defendant filed a motion for summary judgment and motion to strike plaintiff's expert's affidavit. The trial court granted defendant's motions and plaintiff appeals. We affirm.

Plaintiff's decedent, a journeyman electronic technician, was employed by MARTA. At the time he received the injuries which resulted in his death, he was performing annual maintenance on an AC switchgear compartment at MARTA's Avondale Station. According to deposition testimony, the job the decedent was performing was a "dry cloth" job and therefore was to be performed without the use of any "wet" cleaners. The technician who was working in the compartment next to the decedent testified he heard a hissing or "whipping" noise and that, although his back was turned, he saw a flash and then heard an explosion. He turned around and saw the decedent in flames. The decedent died several days later; the cause of death was listed as "sequela of electrical burns."

According to the report of the MARTA Rail Safety Board, a blackened aerosol can of Apollo All Purpose Cleaner was found inside the compartment decedent had been cleaning at the time he was injured. The report stated that the "evidence supports the concept that aerosol spray triggered and provided a conductive plasma for the electrical arc" which occurred inside the compartment. The report further found that the "[a]nalytical evidence points to physical encroachment into a dangerous high voltage area and the triggering of an aerosol spray into the same area as being the cause of the electric flash-over. [Two Rail Maintenance General Safety Rules] were violated. Had these rules been followed, this incident would not have happened."

1. Plaintiff first contends the trial court erred in granting defendant's motion to strike the affidavit of Dr. Raymond Brandt, which was filed in support of plaintiff's response to defendant's motion for summary judgment.

"OCGA § 9-11-56 (e) mandates that '(s)upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 810 (374 SE2d 544) (1988). The affidavit of plaintiff's expert in this case contained the following: (1) a conclusory statement, without reference to supporting facts or evidence, that Apollo cleaner was "de-

fective"; (2) a statement that the label on the product did not contain a proper warning; and (3) a statement that the inadequate labelling rendered the product unreasonably dangerous. The affidavit contained no averment that it was made on the personal knowledge of Dr. Brandt. No factual basis for the conclusions of the affiant were given and, other than a reference to the label of the product, which was not attached to the affidavit, no reference was made to any documents or evidence relied on in preparing the affidavit.

Under these facts, we have little hesitancy in concluding that the affidavit of plaintiff's expert was wholly deficient under the mandates of OCGA § 9-11-56 (e). Consequently, the trial court did not err in granting defendant's motion to strike. See, e.g., *Parlato v. MARTA*, 165 Ga. App. 758, 759 (1) (302 SE2d 613) (1983).

Plaintiff also argues the motion to strike was not timely filed.[1] As to this issue, the record shows that defendant's motion for summary judgment was filed on September 28, 1989, and plaintiff's response with accompanying affidavit was filed more than three months later on January 5, 1990, four days before the hearing on defendant's summary judgment motion was scheduled. The motion to strike was filed on January 9, 1990, the day of the hearing. According to the trial court's order on the motion, the motion to strike was considered prior to the motion for summary judgment. Following the hearing, on January 16, 1990, plaintiff amended her response to defendant's summary judgment motion in order to file the resume of her expert witness, the accident report prepared by MARTA and the report of the medical examiner. Under these facts, we find no merit to plaintiff's argument concerning the untimely filing of defendant's motion to strike. Cf. *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 78 (237 SE2d 622) (1977) (in which the objection to the sufficiency of an affidavit in support of a motion for summary judgment was not raised until oral argument on the motion).

2. Plaintiff next enumerates as error the grant of summary judgment to defendant.

(a) In support of its motion for summary judgment defendant submitted evidence, by way of deposition testimony and affidavit, that the product was not defective. In response to defendant's motion, plaintiff submitted the affidavit of Dr. Raymond Brandt, which we have held was properly stricken by the trial court. In the absence of Dr. Brandt's conclusory averments, the record is devoid of evidence indicating the product here was either negligently or defectively designed. Thus, the trial court properly granted summary judgment

---

[1] We take this opportunity to remind appellate counsel that each enumeration is to contain only one alleged error. See OCGA § 5-6-40; *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980).

to defendant on the basis that, as a matter of law, the product was not defective. See *Orkin Exterminating Co. v. Dawn Food Prods.*, 186 Ga. App. 201 (3) (366 SE2d 792) (1988); *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844 (2 & 3) (321 SE2d 353) (1984), aff'd 254 Ga. 201 (326 SE2d 436) (1985).

(b) Plaintiff also alleges the defendant improperly failed to warn of the danger of using this aerosol spray cleaner in an area containing a high voltage electric current. It is true that the label on this product did not contain a warning about use of the product around a high voltage area. However, it is well established that "[t]here is no duty on the manufacturer or seller to warn of obvious common dangers connected with the use of a product. [Cit.]" *Vance v. Miller-Taylor Shoe Co.*, 147 Ga. App. 812, 813 (2) (251 SE2d 52) (1978).

The record in this case shows the following facts without dispute: Apollo All Purpose Cleaner is distributed by defendant only to industrial and commercial concerns; it is similar to products such as "Formula 409" or "Windex" and is supposed to be used to clean external surfaces that are not harmed by water. The record further shows it was "common knowledge" of MARTA's electronic technicians that they should not use an aerosol spray or any "wet" substance around a high voltage area or inside a "live" cubicle because of the danger of "arcing." The evidence was likewise undisputed that decedent was an experienced technician and familiar with the procedures to be followed in the job he was performing, having performed similar procedures 25 to 30 times in the past, and he knew or should have known not to use an aerosol spray inside the compartment he was cleaning.

"Ordinarily, there is no duty to give warning to the members of a profession against generally known risks. There need be no warning to one in a particular trade or profession against a danger generally known to that trade or profession. [Cit.]" (Punctuation omitted.) *Eyster v. Borg-Warner Corp.*, 131 Ga. App. 702, 705 (206 SE2d 668) (1984). There being no genuine issue of fact to be resolved by a jury in this case, the trial court's order granting summary judgment to defendant Apollo Industries must be affirmed.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 7, 1991 —
REHEARING DENIED MARCH 26, 1991 —

*Antonio L. Thomas & Associates, Antonio L. Thomas*, for appellant.

*Freeman & Hawkins, Michael J. Goldman, Barry S. Noeltner*,

for appellee.