## A98A1475. WEBB v. DANFORTH.

(505 SE2d 860)

JOHNSON, Presiding Judge.

Julian Webb, individually and as next friend of his minor daughter, sued Bertie Danforth for personal injuries sustained when a dog attacked the child on property owned by Danforth and occupied by a tenant. Webb appeals from the grant of Danforth's motion for summary judgment, contending the trial court erred in granting the motion because genuine issues of material fact exist regarding whether Danforth relinquished possession and control of the rented property and whether the injured child was an invitee. We find that no material issues of fact remain and affirm the grant of summary judgment to Danforth.

The relevant undisputed evidence shows that Danforth verbally agreed to rent a house she owned to Regina Hurley. Danforth was to maintain the structure, and Hurley agreed to maintain the yard. Hurley took possession of the premises and at some point moved a dog onto the property and chained him to a tree in the backyard. Hurley's daughter invited Webb's daughter to play in the yard. The dog broke its chain and attacked Webb's daughter.

Danforth moved for summary judgment claiming the tenant was in possession and control of the premises at the time of the attack; Danforth did not own, possess or control the dog; and Danforth was unaware that the tenant owned or possessed the dog. In response, Webb pointed to evidence that Danforth knew the tenant had a dog because she visited the house when the dog was in the yard and also because Danforth's son acted as Danforth's agent and knew about the dog. Webb also pointed to evidence that Danforth retained the right to enter the property for maintenance purposes. Webb's claim must fail for several reasons.

A landlord who relinquishes possession of the premises cannot be liable to third parties for damages arising from the negligence of the tenant. OCGA § 44-7-14; *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995). "This is so because the use of the tenements really belongs to the tenant during the lease; they are [her]

property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented." (Citations and punctuation omitted.) Id. That the landlord retains the right to enter the leased premises for landlord-related purposes does not evidence such dominion and control of the premises so as to vitiate the landlord's limited liability imposed by OCGA § 44-7-14 and replace it with the liability imposed by OCGA § 51-3-1, the premises liability statute upon which Webb's action is based. See *Godwin v. Olshan*, 161 Ga. App. 35, 36 (2) (288 SE2d 850) (1982). A landlord's retention of the right to enter, inspect and repair is not inconsistent with a full surrender of possession to the tenant. *Mills v. Bonanza Intl. Corp.*, 160 Ga. App. 104, 105 (286 SE2d 337) (1981). The record in this case demonstrates that the tenant moved the dog onto the premises after Danforth relinquished possession and control of the property.

Moreover, even if we agreed that Danforth retained possession and control of the premises, Danforth was entitled to summary judgment because there is absolutely no evidence that she had superior knowledge of any dangerous condition. See *Stanger v. Cato*, 182 Ga. App. 498, 499 (356 SE2d 97) (1987). While Webb based his cause of action on the premises liability statute (OCGA § 51-3-1) rather than the dog bite liability statute (OCGA § 51-2-7), Webb was still required to produce evidence of the vicious propensity of the dog in order to show the dangerous condition of which the premises owner had superior knowledge. See *Pickard v. Cook*, 223 Ga. App. 595, 596 (2) (478 SE2d 432) (1996). Inasmuch as Webb failed to produce any such evidence, the trial court did not err in granting summary judgment to Danforth. The issue of whether the child was an invitee or a licensee is not material and need not be considered. A grant of summary judgment must be affirmed if it is right for any reason. Id. at 596 (4); *Stegall v. Central Ga. EMC*, 221 Ga. App. 187, 191 (2) (470 SE2d 782) (1996).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 2, 1998.

Simpson, Gray & Cross, Ralph F. Simpson, William D. Nesmith III, Joseph I. Carter, for appellant.
Reinhardt, Whitley & Wilmot, Glenn Whitley, for appellee.