## A07A1138. GAINEY v. SMACKY'S INVESTMENTS, INC. et al.
(652 SE2d 167)

RUFFIN, Judge.

Betty Gainey sued Frank E. Briggett and Smacky's Investments, Inc. ("Smacky's"), claiming that she was injured when she fell from an attic staircase at a rental home owned, leased, and managed by Briggett and Smacky's. The defendants moved for summary judgment, arguing, among other things, that Gainey had equal knowledge of the alleged hazard that caused her fall. The trial court granted the motion, and Gainey appeals. For reasons that follow, we affirm.

On appeal from a grant of summary judgment, we conduct a de novo review, construing the evidence and all inferences drawn from it in a light most favorable to the nonmoving party.[1] So viewed, the record shows that Briggett purchased the rental home for investment purposes in 2002. During a pre-purchase inspection, he entered the attic using a two-piece, pull-down staircase. The top portion of the staircase was bolted to plywood that dropped down from the ceiling. A separate portion was then manually attached to grooves at the bottom of the upper section to complete the staircase. By design, the lower portion of the completed staircase was not locked or bracketed into the upper section.

Briggett rented the home to Gainey's daughter, Felicia Patterson, in August 2003, and he demonstrated how to use the attic staircase by assembling it while she watched. Thereafter, Patterson assembled and used the staircase on one occasion to place items in the attic. She had no problem using the staircase, did not notice anything wrong with it, and never complained to Briggett about it.

On October 19, 2003, Gainey visited Patterson at the rental home and asked to store several lamps in the attic. When her daughter agreed, Gainey assembled the staircase and climbed to the top. Gainey testified that she did not notice anything wrong with the staircase, which appeared to be in good working order, and the stairs felt stable as she climbed toward the attic. On her way down, however,

---

[1] See *Rainey v. 1600 Peachtree, LLC*, 255 Ga. App. 299 (565 SE2d 517) (2002).

Gainey fell. According to Gainey, as she stepped on the lower portion of the staircase, it disconnected from the top portion, causing her to fall.

Gainey sued Briggett and his corporation, Smacky's, alleging that the defendants failed to keep the pull-down staircase in proper repair and failed to warn of the dangers it presented. The trial court granted summary judgment to both defendants.

1. *Smacky's liability.* Finding no evidence that Smacky's owned, leased, or managed the property at issue, the trial court entered summary judgment for the corporation. Gainey does not address this ruling on appeal, focusing instead on Briggett's liability. To the extent Gainey's claims of error relate to the award of summary judgment to Smacky's, therefore, we deem those claims abandoned.[2]

2. *Briggett's liability.* Without dispute, Briggett was an out-of-possession landlord for the property. As such, his liability is governed by OCGA § 44-7-14.[3] "Under this Code section, an out-of-possession landlord is not liable to third persons for damages in tort unless it is shown that the damages resulted either from failure to repair the premises or faulty construction of the premises."[4]

(a) *Failure to repair.* Liability for failure to repair arises " 'only in instances where there is a duty to repair and notice has been given of the defect.' "[5] Such duty does not include a duty of maintenance.[6] Rather, the term "repair" "contemplates an existing structure which has become imperfect, and means to supply in the original structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be."[7]

In her complaint, Gainey alleged that the pull-down staircase "was replaced, repaired, and/or maintained" improperly. As noted above, improper maintenance will not support a claim under OCGA § 44-7-14. And she has pointed to no evidence that Briggett replaced or repaired the staircase prior to her fall.[8] She also offered no evidence that anyone notified Briggett of a problem with the staircase or requested a repair, and Briggett specifically testified that he received

---

[2] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[3] See *Rainey*, supra at 300; see also *Martin v. Johnson-Lemon*, 271 Ga. 120, 123 (1) (516 SE2d 66) (1999) ("A landlord's tort liability to a third person who is injured on property which was relinquished by rental or under a lease is determined by OCGA § 44-7-14.") (punctuation omitted).

[4] *Rainey*, supra; see also OCGA § 44-7-14.

[5] *Rainey*, supra.

[6] See *Martin*, supra at 123 (2) (a).

[7] (Punctuation omitted.) Id.

[8] At some point after the fall, Gainey's attorney removed the staircase from the house, forcing Briggett to replace it.

no such notice or request. Under these circumstances, Gainey failed to raise a question of fact as to liability for failure to repair.

(b) *Defective construction.* Liability for defective construction under OCGA § 44-7-14 generally arises when a landlord builds or supervises construction of an allegedly defective structure or building.[9] Liability may also attach, however, to defective construction by a landlord's predecessor in title where " 'the landlord knew or by the exercise of reasonable diligence could have known of [the] improper construction before the tenancy was created.' "[10] This exception is limited, and it only applies to "structural defects that would be discovered during a pre-purchase building inspection."[11]

The evidence shows that Briggett did not build or construct the pull-down staircase on which Gainey fell; it was in the house when he bought it. Nevertheless, Gainey argues that Briggett can be held liable for alleged faulty construction of the staircase under the predecessor-in-title exception because he knew or should have known that it was defective.

Through expert testimony from a professional engineer, Gainey offered evidence that the staircase was defective because (1) no mechanism attached the lower portion of the staircase to the upper portion to prevent separation; and (2) the angle and design of the lower portion increased the chance of slippage and separation. It is clear that all parties involved — Briggett, Patterson, and Gainey — understood that the lower section of the staircase did not lock into or attach to the upper section when assembled. Briggett testified, however, that he did not know the staircase was unsafe, and the assembly method never concerned him. Patterson and Gainey similarly saw no defect in the staircase.

On appeal, Gainey argues that Briggett had "formal education in staircase construction," through which he knew or should have known the staircase was defective. Briggett testified that he attended a course on staircase construction at an area technical college so that he could inspect repair work performed by contractors at his rental properties. But he did not recall discussing pull-down staircases in the class, and Gainey has pointed to no evidence that the classwork or textbook addressed such structures.

Simply put, evidence that Briggett took a general class on staircase construction does not raise a question of fact as to whether he knew or should have known that the pull-down staircase in his

---

[9] See *Martin*, supra at 124 (2) (b).

[10] Id. at 126 (4); see also *Rainey*, supra at 301.

[11] *Rainey*, supra.

rental home was defective. Moreover, although Gainey's expert testified about a defect in the staircase, the expert was not a home inspector, and Gainey offered no evidence that an inspector would have found the staircase to be defective during a pre-purchase inspection of the house. We recognize that Briggett used the staircase when he inspected the home before purchasing it. Again, however, Briggett testified that he saw nothing wrong with the staircase at that point or when he assembled it on subsequent occasions.

Gainey has not presented evidence that Briggett knew or should have known about the alleged defect. Accordingly, no genuine issue of material fact remains as to liability under OCGA § 44-7-14 for defective construction.[12]

(c) *Failure to warn.* Finally, Gainey argues that the trial court erred in granting Briggett summary judgment on her failure to warn claim. As discussed above, however, Briggett's liability to Gainey for damages in tort is limited by OCGA § 44-7-14,[13] and Gainey failed to present evidence of such liability. Furthermore, Briggett demonstrated the staircase assembly to Patterson. And the record shows that Briggett, Patterson, and Gainey did not know of any hazards associated with the staircase. Given Briggett's lack of superior knowledge regarding the alleged hazard, he is not liable for failure to warn.[14]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 12, 2007.

*R. Lars Anderson,* for appellant.
*Bullard, Garcia & Wangerin, Kevin A. Wangerin,* for appellees.

---

[12] See id. at 302; *Harris v. Sloan,* 199 Ga. App. 340, 341-342 (1) (405 SE2d 68) (1991); see also *Norman v. Jones Lang LaSalle Americas,* 277 Ga. App. 621, 632 (5) (627 SE2d 382) (2006) (no liability under OCGA § 44-7-14 where landlord's knowledge of hazard equals claimant's knowledge).

[13] See *Rainey,* supra at 300.

[14] See id. at 300, 302 (trial court properly granted summary judgment to landowner on claimant's failure to warn theory where landowner lacked superior knowledge of alleged defect); *Sparks v. MARTA,* 223 Ga. App. 768, 770 (3) (478 SE2d 923) (1996) (no liability for failure to warn where defendants lacked superior knowledge of alleged hazard).