A11A0943. KARLE v. BELLE.
(712 SE2d 96)

MCFADDEN, Judge.
Euris Belle sued Manjiri Karle for damages allegedly sustained when the water heater in Karle's condominium ruptured and leaked into a condominium owned by Belle. Karle moved for summary judgment, arguing that she was not liable for the damages. The trial court denied the motion in part, and we granted Karle's application for interlocutory appeal. Because OCGA § 44-7-14, which limits the liability of out-of-possession landlords, precludes liability here, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review a trial court's

---

[20] This hearing was not included in the record on appeal.
[21] *See Holsey*, 291 Ga. App. at 221 (3) (b).

summary judgment ruling de novo, construing the evidence and all reasonable inferences in favor of the non-moving party. See *Gainey v. Smacky's Investments*, 287 Ga. App. 529 (652 SE2d 167) (2007).

So viewed, the record shows that Karle purchased a unit within the Granville Condominium complex in September 2005 and, almost immediately, leased it to Srinivas Pulipaka and his wife. The condominium was equipped with a water heater, and neither Karle nor Pulipaka noticed any defect in the appliance. On March 5, 2008, however, the water heater failed, causing significant flooding and water damage to Belle's condominium.

Belle sued Karle, alleging that Karle's negligence caused the water damage and that her failure to maintain the water heater created a nuisance. Belle also asserted a claim for attorney fees. Karle moved for summary judgment on all claims. The trial court granted the motion as to nuisance, but denied it as to negligence. Karle appeals that ruling, arguing that she did not know the water heater was defective and, as an out-of-possession landlord, had no duty to maintain it. We agree.

The record shows that Karle gave control of the condominium to her tenants, fully parted with possession, and thus was an out-of-possession landlord. See OCGA § 44-7-14. Pulipaka testified that he and his wife had exclusive possession over the unit at all times during their lease, including when the water heater failed. Karle similarly testified that she relinquished control to her tenants. Although she retained authority under the lease to enter the property for inspection, maintenance, and repairs during normal business hours, this right of entry "is not inconsistent with a full surrender of possession to the tenant." *Webb v. Danforth*, 234 Ga. App. 211, 212 (505 SE2d 860) (1998).

As an out-of-possession landlord, Karle's liability was limited by OCGA § 44-7-14. Pursuant to that provision, a landlord who has fully parted with his or her property "is not liable to third persons for damages in tort unless it is shown that the damages resulted either from failure to repair the premises or faulty construction of the premises." (Punctuation omitted.) *Gainey*, supra at 530 (2). Belle cannot make this showing here.

Liability for failure to repair arises only "where there is a duty to repair and notice has been given of the defect." (Punctuation omitted.) *Gainey*, supra at 530 (2) (a). Pulipaka asserted that he never reported a problem with the water heater to Karle, and Karle testified that she had no notice of a defect. Belle did not offer contrary evidence or demonstrate that Karle breached a duty to repair. See id. at 530-531 (2) (a). Moreover, nothing indicates that Karle knew about any faulty construction or problem with the water heater when she bought the condominium or leased it to the

Pulipakas. In fact, she denied such knowledge, and Belle has pointed to no other evidence of faulty construction. The record, therefore, does not raise a question of fact as to negligent repair or faulty construction, the two grounds for liability under OCGA § 44-7-14.

Nevertheless, Belle argues, and the trial court found, that Karle is not entitled to summary judgment because factual issues remain as to whether Karle breached a duty to maintain or inspect the water heater. OCGA § 44-7-14 does not impose a "duty of maintenance" on an out-of-possession landlord. *Gainey*, supra at 530 (2). Belle contends, however, that the declarations of the Granville Condominium Association created additional duties beyond those specified for out-of-possession landlords. According to Belle, the declarations required unit owners to inspect their property for potential problems and perform routine maintenance on water heaters.

To support this claim below, Belle attached a copy of the declarations to her affidavit. She also testified that each unit owner was subject to the declarations and that the attached copy was "true and accurate." But Belle offered no grounds for admitting the declarations into evidence. Although she broadly stated that the declarations applied to all owners, she did not present any evidence supporting this assertion, demonstrate that the declarations were recorded in the appropriate county clerk's office, or show that Karle knew of their requirements. Compare *Timberstone Homeowner's Assn. v. Summerlin*, 266 Ga. 322, 323 (467 SE2d 330) (1996) ("Where a restrictive covenant is recorded, the purchaser is charged with legal notice of the covenant, even if it is not stated in his own deed.").

Furthermore, we agree with Karle that the declarations submitted by Belle were hearsay. "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). Belle does not claim that she was involved in or had any personal knowledge of the document's preparation. Instead, she argues on appeal that the declarations are tantamount to contractual obligations imposed on all condominium owners. Again, however, she did not submit any competent evidence regarding the scope of the declarations, their application to other owners, or Karle's notice of the provisions. At most, she established that the declarations apply to her.

Belle also asserts that the declarations were maintained in the regular course of the condominium association's business, arguably invoking the business records exception to the hearsay rule. See OCGA § 24-3-14 (b). But she did not present evidence supporting this claim or demonstrate that she had knowledge of the association's record keeping. See *Henson v. Ga.-Pacific Corp.*, 289 Ga. App. 777,

779-780 (1) (658 SE2d 391) (2008) (proponent must show that documents fall within business records exception to hearsay rule); *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 186 (3) (450 SE2d 452) (1994) (to establish foundation for admissibility of evidence under business records exception, proponent must present testimony of witness familiar with the method of record keeping). And although she testified that she submitted a "true and accurate" copy of the declarations, this testimony does not resolve the hearsay issue or bring the evidence within a hearsay exception. Compare OCGA § 24-5-26 (accurate copy of record made in the regular course of business admissible).

"All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment." (Punctuation omitted.) *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501, 504 (3) (591 SE2d 374) (2003). Belle did not present admissible evidence of the heightened duty of care allegedly imposed by the condominium declarations. That duty, therefore, cannot be considered on summary judgment, and we must analyze the case under OCGA § 44-7-14. Accordingly, because no issues of material fact remain as to Karle's liability as an out-of-possession landlord, the trial court erred in denying her motion for summary judgment.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 16, 2011.

*Bach, Dewberry & Hipes, John C. Bach, Layne M. Kamsler*, for appellant.

*Ronald J. Lockley, Mario D. Breedlove, Ronald W. Parnell*, for appellee.

