**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 10, 2014**

# In the Court of Appeals of Georgia

A13A2349. MARTIN et al. v. HANSEN.

RAY, Judge.

Pamela Hansen sued her landlords, Frank and Leslie Martin, for injuries she received when she tripped and fell on the top stair of a staircase located in the home that she rented from them. Hansen alleged that her fall resulted from the fact that the rise on the top stair did not conform to the code requirements. We granted the Martins' application for an interlocutory appeal from the trial court's denial of their motion for summary judgment. For the following reasons, we find that the Martins were entitled to summary judgment and reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-

56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. Our review of an appeal from summary judgment is de novo.

(Citations and punctuation omitted; emphasis in original.) *Yon v. Shimeall*, 257 Ga. App. 845, 846 (572 SE2d 694) (2002).

So viewed, the record shows that the Martins own a single-family residence in Savannah, Georgia. They purchased the property after construction was completed and lived in it for approximately five years prior to leasing it to Hansen on May 1, 2008. After living in the home for approximately five months, Hansen was ascending the stairs to the second floor in order to retrieve a blanket when she tripped on the top stair and fell down the stairs. Hansen deposed that her fall was caused by the fact that the rise of the top stair was higher than the others, causing her to lose her balance. Hansen further explained that, during the five months that she lived in the home, she rarely went to the second floor, where the guest bedroom and storage was located.

Thomas Lueer, who also lived in the home with Hansen, deposed that he worked as a draftsman, doing residential architectural work. His work included designing staircases and determining whether staircases are ADA compliant. After

2

Hansen's fall, Lueer measured the staircase's risers and determined that they did not conform to code. However, he testified that he had never noticed anything unusual about the height of the rise on the top stair or the other stairs prior to her fall.

1. The Martins first contend that the trial court erred in holding that there was a genuine dispute as to whether the Martins had knowledge of the defective stair. Specifically, they argue that the trial court erred in finding that their affidavit testimony was insufficient to prove that they did not have actual knowledge that the top stair's rise was too high or out of code. We agree.

In her complaint, Hansen alleges that the Martins were liable for her injuries because they failed to repair the defective top stair and failed to warn her of the defective stair. As an out-of-possession landlord, the Martins' liability was limited by OCGA § 44-7-14. Pursuant to that provision, a landlord who has fully parted with his or her property "is not liable to third persons for damages in tort unless it is shown that the damages resulted either from failure to repair the premises or faulty construction of the premises."[1] (Punctuation omitted.) *Gainey v. Smacky's Investments, Inc.*, 287 Ga. App. 529, 530 (2) (652 SE2d 167) (2007). "[T]he

___

[1] Hansen does not allege that the Martins' are liable under a theory of faulty construction.

3

responsibility of a landlord for failure to repair a latent defect is not absolute but is predicated only on the landlord's knowledge of the defect and the consequent necessity for repairs." (Citation omitted.) *Steele v. Chappell*, 222 Ga. App. 451, 452 (1) (474 SE2d 309) (1996). See also *Lariscy v. Eschette*, 306 Ga. App. 205, 206 (702 SE2d 49) (2010) ("The true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it") (citations and punctuation omitted).

In support of their motion for summary judgment, the Martins filed affidavits stating that prior to Hansen's incident they were "unaware that the rise of the top step . . . was any greater than the rise of any other step in the staircase or that it violated any code," that the staircase had not been altered since they purchased the property in 2002, and that they did not build or supervise the building of the staircase. In denying their motion for summary judgment, the trial court found that the defect in the stair's top riser was a latent defect and that the Martins provided evidence in the form of affidavit testimony that they did not have actual knowledge that the top stair was out of code. However, the trial court denied the motion for summary judgment on the basis that the Martins affidavit did not go far enough to prove that they lacked

4

knowledge of the stair's defective condition because they failed to provide evidence that they were unaware that the other remaining stairs on home's staircase were out of code (thus imposing a duty to inspect the remainder of the staircase), that they were unaware of an issue with the stairs based upon their experience living in the house or through prior home inspections or for any other reason.

As the movant defendants, the Martins

> could prevail at summary judgment under OCGA § 9-11-56 only by affirmatively disproving [Hansen's] claim[s] with [their] own evidence establishing the absence of any genuine issue of material fact or by showing from the affidavits, depositions and other documents in the record that there was an absence of evidence to support at least one essential element of [Hansen's] claim[s].

(Citation omitted.) *Solomon v. Barnett*, 281 Ga. 130, 131 (636 SE2d 541) (2006). In her complaint, Hansen alleges only that the Martins "were negligent by failing to repair the defective top step of the flight of stairs" and in failing to warn her of the stair's defective condition. The Martins' affidavit evidence that they were unaware of any abnormality regarding the height of the stop stair or that it violated any building code pierced the only factual allegation of negligence or causation asserted against them by disproving the knowledge element of Hansen's claims. There was no

5

allegation or evidence to suggest that anything relating to any of the other stairs on the staircase had anything to do with Hansen's injury. Accordingly, we find that the trial court erred in requiring the Martins' to affirmatively disprove unasserted theories of liability.

Since the affidavit relied upon by the Martins in support of their motion for summary judgment pierced Hansen's pleadings, she was required to set forth specific facts showing there was a genuine issue for trial regarding the Martins' knowledge of the defective stair. Specifically, Hansen was required to point "to admissible evidence showing a genuine issue of material fact as summary judgment cannot be avoided based on mere speculation or conjecture." (Citations omitted.) *Stevenson v. City of Doraville*, __ Ga. App. __ (2) (751 SE2d 845) (2013). Hansen failed to provide any such admissible evidence regarding the Martins' knowledge of the defective stair. Although there was evidence that the Martins lived in the home for five years, there was no evidence or allegation that either of them was aware of any issue with the stairs based on their experience living in the house and traversing the stairs or through prior home inspections or for any other reasons. Hansen did provide evidence (not considered by the court below) in the form of her own testimony that the Martins had told her that their son had once fallen down the stairs. However, there

6

was no allegation or evidence to suggest that his fall had anything to do with any abnormality or code violation related to the top step. See *Butler v. Huckabee*, 209 Ga. App. 761, 762-763 (1), (2), (3) (434 SE2d 576) (1993) (summary judgment was appropriate in negligence case where "the only admissible evidence of the speed of [Huckabee's] truck was Huckabee's statement" that he was driving below the speed limit, and plaintiff's testimony that the defendant "must have been going awful fast for me not to see him coming" was inadmissible conjecture).

2. Because of our holding in Division 1, we need not address the Martins' second enumeration of error.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*