**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2016**

# In the Court of Appeals of Georgia

A15A1678. SIDHI INVESTMENT CORPORATION v. THRIFT.

ANDREWS, Presiding Judge.

Vicki Lee Thrift sued Sidhi Investment Corporation for injuries she sustained in a fall at a Nahunta convenience store owned by Sidhi. Sidhi moved for summary judgment, arguing that, because it was an out-of-possession landlord, it was not responsible to third parties for damages resulting from the negligence of the tenant. See OCGA § 44-7-14. In response, Thrift argued that a question of fact remained as to whether Sidhi was an out-of-possession landlord because Sidhi maintained a beer and liquor license and a business license for the store. The Superior Court of Brantley County summarily denied Sidhi's motion, granted Sidhi a certificate of immediate review, and we granted Sidhi's application for interlocutory appeal. For the reasons

that follow, we conclude that the trial court erred in denying Sidhi's motion for summary judgment, and, therefore, we reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. Further, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Medical Ctr. Hosp. Auth. v. Cavender*, 331 Ga. App. 469, 470 (771 SE2d 153) (2015). This Court reviews a grant or denial of summary judgment de novo and construes the evidence in the light most favorable to the nonmovant. See, e.g., *Citifinancial Svcs. v. Varner*, 320 Ga. App. 170 (739 SE2d 477) (2013). So viewed, the evidence reveals that on July 17, 2013, while shopping at the BP Food Mart in

2

Nahunta, Thrift slipped on dirt, sand, or a greasy substance and fell, sustaining injuries.

Niteshkumar "Nick" Patel is the sole officer and stockholder of Sidhi. Sidhi purchased the BP Food Mart in Nahunta in 2012 and operated the store for some time thereafter. On March 3, 2013, Sidhi leased the convenience store to Shivam Trading.[1] Paragraph 8 of the parties' lease agreement provided that Shivam would be "responsible for all repairs and maintenance, including all electrical, heating and air, plumbing, doors, windows, ceiling, floor, exterior and interior walls." The lease agreement also required Shivam to obtain general liability insurance naming Sidhi as an additional insured. However, the lease agreement reserved Sidhi's right to enter the store "for the purposes of inspection, repair or showing to prospective purchaser" or future tenant.

Shivam continued to operate the store until September 2013. Patel had no involvement in the operation of the store during the lease term. In fact, throughout the term of the lease, Patel visited the store only once as he traveled through Nahunta.

---

[1] According to the parties, Thrift has filed a separate action against Shivam in the Superior Court of Brantley County.

When Shivam defaulted on payments due for the store's insurance in September 2013, Sidhi regained possession of the store.

In its sole enumeration of error, Sidhi argues that the trial court erred in denying Sidhi's motion for summary judgment because it was an out-of-possession landlord with no liability for injuries to third parties as a matter of law. We agree. OCGA § 44-7-14 provides:

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

"Under this Code section, an out-of-possession landlord is not liable to third persons for damages in tort unless it is shown that the damages resulted either from failure to repair the premises or faulty construction of the premises." *Gainey v. Smacky's Investments*, 287 Ga. App. 529, 530 (2) (652 SE2d 167) (2007). See also *Martin v. Johnson-Lemon*, 271 Ga. 120, 123 (1) (516 SE2d 66) (1999) ("A landlord's tort liability to a third person who is injured on property which was relinquished by rental or under a lease is determined by OCGA § 44-7-14.") (punctuation omitted); *Food*

4

*Giant v. Richardson*, 169 Ga. App. 517, 518 (1) (313 SE2d 781) (1984). A landlord's liability for "failure to repair" arises only

> in instances where there is a duty to repair and notice has been given of the defect. Such duty does not include a duty of maintenance. Rather, the term "repair" contemplates an existing structure which has become imperfect, and means to supply in the original structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be.

(Punctuation omitted). *Gainey*, 287 Ga. App. at 530 (2) (a).

There are no such allegations in this case. To the contrary, rather than alleging that an imperfect structure caused her fall, Thrift simply alleged that she slipped on an unknown substance on the floor. Moreover, in a provision consonant with OCGA § 44-7-14, the parties' lease agreement clearly required Shivam to be solely "responsible for all repairs and maintenance, including all electrical, heating and air, plumbing, doors, windows, ceiling, floor, exterior and interior walls." Finally, Sidhi's right to enter the store "for the purposes of inspection, repair or showing to prospective purchaser" or future tenant does not render it liable for injuries caused by its tenant's negligence. See *Lake v. APH Enterprises, LLC*, 306 Ga. App. 317, 319 (702 SE2d 654) (2010) ("Landlords still fully part with possession of leased premises

5

when they retain limited entry or inspection rights for landlord-related purposes.”);

*Webb v. Danforth*, 234 Ga. App. 211, 212 (505 SE2d 860) (1998). As a result, there

is no genuine issue of material fact that Sidhi was an out-of-possession landlord and

that its motion for summary judgment should have been granted. See OCGA § 44-7-

14; *Boone v. Udoto*, 323 Ga. App. 482, 486 (3) (747 SE2d 76) (2013); *Lake*, 306 Ga.

App. at 319; *Gainey*, 287 Ga. App. at 530 (2); *Webb*, 234 Ga. App. at 212; *Food*

*Giant*, 169 Ga. App. at 518 (1).

In response to Sidhi’s motion, Thrift submitted a purported affidavit from the

clerk of the City of Nahunta stating that Sidhi obtained a beer and liquor license and

a business license in January 2013, and that both licenses were in effect and remained

in Sidhi’s name on the date of Thrift’s fall. Pretermitting the fact that the clerk’s

affidavit does not satisfy the statutory criteria for affidavits opposing a motion for

summary judgment,[2] the apparent failure to transfer or update the business licenses

---

[2] See OCGA § 9-11-56 (e) (affidavits either supporting or opposing motions for summary judgment “shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein”). Most importantly, there is no statement that the purported affidavit was based upon the affiant’s personal knowledge. See OCGA § 9-11-56 (e); *Worley v. Pierce*, 211 Ga. App. 863, 865 (2) (440 SE2d 749) (1994) (affidavit did not contain “an averment or affirmatively show that it was made based upon [affiant’s] personal knowledge”); *Brown v. Apollo Indus.*, 199 Ga. App. 260, 261-262 (1) (404 SE2d 447) (1991) (affidavit improper

does not alter the fact that, as a result of the parties' lease agreement, Sidhi "fully parted with possession and the right of possession" and delegated maintenance of the floor to Shivam. See OCGA § 44-7-14; *Boone*, 323 Ga. App. at 487 (3); *Lake*, 306 Ga. App. at 319; *Gainey*, 287 Ga. App. at 530 (2); *Webb*, 234 Ga. App. at 212; *Food Giant*, 169 Ga. App. at 518 (1). See also *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995) ("the use of the tenements really belongs to the tenant during the lease; they are his property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented."). It follows that there is no genuine issue of

---

because it "contained no averment that it was made on the personal knowledge" of affiant and contained "[n]o factual basis . . . other than a reference to the label of the product, which was not attached to the affidavit"). Compare *Greenstein v. Bank of the Ozarks*, 326 Ga. App. 648, 651 (2) (757 SE2d 254) (2014) ("a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge"). In addition, although the purported affidavit refers to licenses issued by the City of Nahunta, the purported affidavit does not include "[s]worn or certified copies of all papers or parts thereof referred to in [the] affidavit." OCGA § 9-11-56 (e). See also *Brown*, 199 Ga. App. at 261-262 (1). Nevertheless, Sidhi did not object to the clerk's affidavit during the hearing on Sidhi's motion for summary judgment. As a result, any infirmity in the clerk's affidavit is waived. See, e.g., *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982); *Shuford v. Aames Plumbing & Heating, Inc.*, 327 Ga. App. 844, 847 (1) (761 SE2d 395) (2014); *Formaro v. Suntrust Bank*, 306 Ga. App. 398, 399-400 (1) (702 SE2d 443) (2010).

material fact that Sidhi is entitled to judgment as a matter of law, and, as a result, the trial court erred in denying Sidhi's motion for summary judgment.

*Judgment reversed. Miller, P. J., and Rickman, J., concur in judgment only.*