**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 4, 2016**

# In the Court of Appeals of Georgia

A16A1125. PAJARO et al. v. SOUTH GEORGIA BANK.

MCFADDEN, Judge.

Julio Pajaro was injured in the collapse of a staircase on commercial premises that he leased from South Georgia Bank (hereinafter, the landlord). He and his wife (collectively, the appellants) brought this action against the landlord, asserting claims for defective construction, failure to repair, failure to warn, and loss of consortium. As detailed below, we affirm the grant of summary judgment on the claims for failure to repair and failure to warn, because there are no genuine issues of material fact as to those claims. We reverse the grant of summary judgment as to the claims for defective construction and loss of consortium, however, because genuine issues of material fact exist as to those claims.

"On appeal from the grant of summary judgment this [c]ourt conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Campbell v. Landings Assn.*, 289 Ga. 617, 618 (713 SE2d 860) (2011) (citations omitted). So viewed, the evidence shows that the landlord acquired the premises at issue in December 2009. At that time, Pajaro leased the premises for his medical practice. The landlord did not have the premises inspected either before or after the acquisition, but a representative of the landlord did a walk-through of the premises with Pajaro and Pajaro requested that the landlord paint a wooden, exterior staircase at the back of the premises that led to the second floor.

In January 2010, Pajaro and the landlord entered into a lease of the premises. As to repairs, the lease provided:

> During the lease term, Tenant shall make, at Tenant's expense, all necessary repairs to the Leased Premises. Repairs shall include such items as routine repairs of floors, wall, ceilings, and other parts of the Leased Premises damaged or worn through normal occupancy, except for major mechanical systems or the roof, subject to the obligations of the parties otherwise set forth in this Lease. Landlord at its own expense

2

shall make all necessary repairs to major mechanical systems, including but not limited to HVAC Units, plumbing and septic system.

On May 3, 2012, as Pajaro stepped from the second floor space onto the back exterior staircase, the staircase collapsed, causing Pajaro to fall more than 15 feet to the ground and injuring him. Before that point, Pajaro had not perceived any structural or safety problem with the staircase.

The appellants' expert witness, a licensed commercial and residential contractor, opined that construction defects had caused the staircase to collapse; he opined that the staircase had been built with non-galvanized nails that had rusted over time, and that portions of wooden posts had not been properly sealed and caulked, leading them to rot. It is undisputed that the landlord was not in possession of the property, was not involved in the construction of the staircase and, at the time of Pajaro's fall, had never made any repairs or modifications to the staircase. The appellants' expert witness opined, however, that "the unsafe conditions of the staircase could and would have been discovered if the staircase had been completely inspected by the [landlord] when it acquired title to the property[.]"

Because the landlord was not in possession of the property, it is "subject to tort liability only under the provisions of OCGA § 44-7-14." *Martin v. Johnson-Lemon*,

3

271 Ga. 120, 122 (1) (516 SE2d 66) (1999). That Code section, which pertinently provides that an out-of-possession landlord "is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair," OCGA § 44-7-14, expressly limits the potential liability of out-of-possession landlords to these two sets of circumstances. *Martin v. Johnson-Lemon*, 271 Ga. at 125 (3); *Martin v. Hansen*, 326 Ga. App. 91, 92 (1) (755 SE2d 892) (2014); *Rainey v. 1600 Peachtree, LLC*, 255 Ga. App. 299, 300 (565 SE2d 517) (2002). Perhaps due to the limitations of OCGA § 44-7-14, the appellants argue that another Code section, OCGA § 44-7-13, applies to this case. However, OCGA § 44-7-13, which requires a landlord to "keep the premises in repair," does not impose tort liability on a landlord. *Colquitt v. Rowland*, 265 Ga. 905, 907 (2) (463 SE2d 491) (1995).

The trial court granted summary judgment on claims for defective construction, failure to repair, failure to warn, and loss of consortium.

1. *Defective construction.*

The general rule is that "the liability of a landlord for defective construction exists only in cases where the structure is built by [the landlord] in person or under [the landlord's] supervision and direction." *Martin v. Johnson-Lemon*, 271 Ga. at 124

4

(2) (b) (citations and punctuation omitted). Our courts have recognized a limited exception to this rule in circumstances where the defective structure was "constructed by a predecessor in title, and the landlord knew or by the exercise of reasonable diligence could have known of its improper construction before the tenancy was created[.]" *Flagler Co. v. Savage*, 258 Ga. 335, 337 (2) (368 SE2d 504) (1988) (citation and emphasis omitted). In such circumstance, the landlord "would be answerable to the tenant . . . for injuries sustained by reason of [the landlord's] failure to put the premises in a safe condition, if the person sustaining the injuries could not have avoided the same by the exercise of ordinary care." Id. (citation and emphasis omitted). Our Supreme Court has explained that, although this limited exception "[a]t first glance . . . would appear to contradict the precise terms of OCGA § 44-7-14[,]" the exception could be supported because a purchaser of rental property has "unparalleled opportunities . . . to discover defects in structures erected by predecessors-in-title" through means such as structural inspections. *Martin v. Johnson-Lemon*, 271 Ga. at 126 (4) n. 16. See also *Gainey v. Smacky's Investments*, 287 Ga. App. 529, 531 (2) (b) (652 SE2d 167) (2007); *Rainey*, 255 Ga. App. at 301. While there is "no absolute duty of inspection upon a landlord to discover defects in the premises prior to leasing them," *Lonard v. Cooper & Sugrue Props.*, 214 Ga. App.

5

862, 864 (449 SE2d 348) (1994) (citations omitted), the landlord may be liable if the alleged defect "constitutes the type of structural defect that would be discovered during a pre-purchase building inspection[.]" *Rainey*, 255 Ga. App. at 302.

In his affidavit, the appellants' expert witness opined that a pre-purchase structural inspection would have led the landlord to discover the defects that, in the expert witness's opinion, caused the staircase to collapse. The trial court held that this opinion was conclusory and did not create a genuine issue of material fact as to whether the landlord had constructive knowledge of the defects, noting that the expert witness was not a home inspector and that his opinion "provided no insight into inspection practices." The trial court apparently considered the expert witness's opinion but found it irrelevant to the issue of the landlord's knowledge, rather than rejecting the expert witness as unqualified or his testimony as failing to satisfy the requirements of OCGA § 24-7-702 for expert opinion testimony in civil actions. Compare *Blake v. KES, Inc.*, 336 Ga. App. 43, 49 (783 SE2d 432) (2016).

We are not convinced that the expert's opinion is irrelevant. The expert was a licensed commercial and residential contractor. Unlike in *Gainey*, supra, 287 Ga. App. at 532 (2) (b), cited by both the trial court and the landlord, here the appellants' expert opined that the defects that led to the collapse of the staircase would have been

6

discovered during an inspection. Although the expert was not himself a home inspector, he was an expert in residential construction. It was for the jury to determine whether to credit his opinion that an inspection would have disclosed the construction defects. Likewise, although the landlord challenges the opinion because the expert based it on photographs taken after the collapse, it was for the jury to assess the foundation of that opinion. "[A]ny deficiencies in the expert's opinion go to the weight and credibility of his testimony." *Toyo Tire North American Mfg. v. Davis*, 333 Ga. App. 211, 217 (2) (775 SE2d 796) (2015). If a jury were to find the opinion credible, the jury could find that the landlord, in the exercise of ordinary care, could have discovered the construction defects that caused the staircase to collapse. Accordingly, summary judgment is not appropriate as to the defective construction claim.

2. *Failure to repair.*

An out-of-possession landlord's "[l]iability for failure to repair arises only in instances where there is a duty to repair and notice has been given of the defect." *Gainey*, 287 Ga. App. at 530 (2) (a) (citation and punctuation omitted). The parties dispute whether their lease assigned to Pajaro the duty to repair the staircase. See *Rainey*, 255 Ga. App. at 300 ("nothing prohibits a landlord of commercial premises

7

from assigning by contract its duty to repair") (citations omitted); *Groutas v. McCoy*, 219 Ga. App. 252, 254 (1) (464 SE2d 657) (1995) ("[T]he owner of property not used as a 'dwelling place' – as was the case here – can contract to avoid the dut[y] to repair . . . the property set forth in . . . OCGA § 44-7-14.") (citation omitted); *Tribble v. Somers*, 115 Ga. App. 847, 849 (156 SE2d 130) (1967) (landlord's liability under OCGA § 44-7-14 for failure to keep premises under repair "may be limited as between the parties by a lease containing contrary stipulations") (citations omitted) (construing predecessor to OCGA § 44-7-14).

We need not decide whether the landlord assigned its duty to repair the staircase, however, because even if the landlord retained that duty, the appellants "offered no evidence that anyone notified [the landlord] of a problem with the staircase or requested a repair, and [the landlord] specifically testified that [it was not aware of any defect in or hazard posed by the staircase]." *Gainey*, 287 Ga. App. at 530-531 (2) (a). Pajaro testified that the only time he mentioned the staircase to his landlord was during his initial walk-through with the landlord, when he asked for the staircase to be painted. "Under these circumstances, [the appellants] failed to raise a question of fact as to liability for failure to repair." Id. at 531 (2) (a).

3. *Failure to warn.*

8

The trial court properly concluded that failure to warn is not a ground upon which an out-of-possession landlord can be held liable under OCGA § 44-7-14. *Gainey*, 287 Ga. App. 529, 532 (2) (c). Accordingly, the trial court properly granted summary judgment on this claim. Id.

4. *Loss of consortium.*

The right of Pajaro's wife to recover for loss of consortium is dependent upon Pajaro's right to recover against the landlord. *Groutas*, 219 Ga. App. at 254 (2). Because genuine issues of material fact preclude summary judgment on Pajaro's claim for defective construction, the landlord is not entitled to summary judgment on his wife's claim for loss of consortium.

*Judgment affirmed in part and reversed in part. Miller, P. J., and McMillian, J., concur*.